IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:01-cr-174 |
| | ) | |
| DARRYLE V. DOBBINS, | ) | |
| a/k/a BIG DARRYLE | ) | |

**MEMORANDUM AND ORDER**

This matter is presently before the court on the defendant's *pro se* "Motion for Modification of Sentence pursuant to Federal Rules of Criminal Procedure, Title 18 U.S.C. [§] 3582(c)(2), based upon an Amendment to the Guidelines" [Doc. 36] filed on November 23, 2005. For the reasons that follow, defendant's motion will be denied.

The caption of this motion indicates a reliance upon 18 U.S.C. § 3582(c)(2) as a mechanism to provide defendant some relief from the 128 month term of incarceration imposed by this court on June 14, 2002, based on the offense of distributing crack cocaine. 18 U.S.C. § 3582(c)(2) clearly allows the defendant to

make such a motion whenever the Sentencing Commission has, pursuant to 28 U.S.C. § 994(o), lowered the sentencing range which was previously applied to defendant's sentence. However, there is no indication whatsoever that the Sentencing Commission has lowered the Sentencing Guidelines applicable to defendant's offense pursuant to 28 U.S.C. § 994(o) (or any other statute).

Additionally, defendant refers to the recent United States Supreme Court decision in *United States v. Booker*, 125 S.Ct. 738 (2005), to afford him relief from his term of incarceration. Without question, the Court in *Booker* noted that its holding should be applied "to all cases on direct review." *Id.* at 769. In this case, however, defendant never filed a notice of appeal so that this case is not under review by an appellate court. The record also reflects that defendant's request for collateral review was denied as untimely by memorandum opinion [Doc. 34] and order [Doc. 35] filed on January 6, 2005. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S.Ct. 199 (2005). Obviously, if *Booker* does not apply retroactively to collateral proceedings, it most certainly does not apply to a case in which collateral proceedings have long been concluded. *Booker* thus has no application to the instant case. *See Griffith v. Kentucky*, 479 U.S. 708, 716 (1987) ("We therefore hold that a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases, state or federal, pending on

2

direct review or not yet final, *with no exception for cases in which the new rule constitutes a 'clear break' with the past."*) (emphasis added).

Therefore, for the reasons foregoing, defendant's *pro se* motion for modification of sentence [Doc. 36] is hereby DENIED in its entirety.

**E N T E R :**

                                        **s/ James H. Jarvis**
                              UNITED STATES DISTRICT JUDGE