UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:01-CR-174 |
| | ) | (VARLAN/SHIRLEY) |
| DARRYLE VANN DOBBINS, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on defendant's *pro se* Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 42], in which the defendant requests that the Court resentence him pursuant to 18 U.S.C. § 3582(c)(2), which permits the Court to reduce a defendant's sentence if the sentencing range has been lowered since defendant was initially sentenced. The Government has responded in opposition to defendant's request for a reduction of sentence [Docs. 43, 45, 46, 48] and defendant, represented by counsel, filed a reply [Doc. 47]. Thus, defendant's motion is now ripe for determination.

**I.    Legal Background**

A district court may modify a defendant's sentence after judgment has been entered only if modification is permitted by statute. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001). Modification is permitted by 18 U.S.C. § 3582(c)(2) when the sentencing range for the offense for which the defendant was sentenced has been lowered:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Through Amendment 706 to the Sentencing Guidelines, effective November 1, 2007, the Sentencing Commission lowered the sentencing ranges for most cocaine base offenses by two offense levels in an effort to correct the disparity in sentences between defendants punished for cocaine base offenses and defendants punished for other drug offenses. *See* U.S.S.G. § 2D1.1. On December 11, 2007, the Commission made the amended guideline range retroactive, effective March 3, 2008. *See* U.S.S.G. § 1B1.10. Accordingly, the Court has discretion under 18 U.S.C. § 3582(c)(2) to reduce a defendant's sentence for a cocaine base offense, after considering the § 3553 factors, if the reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Sentencing Commission has issued a general policy statement regarding reduction of sentences as a result of the amendments to certain guideline ranges, including the ranges for most cocaine base offenses. U.S.S.G. § 1B1.10. The policy statement partially limits the Court's discretion in reducing a defendant's sentence:

> (A) In General.--Except as provided in subdivision (B), the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection.
>
> (B) Exception.--If the original term of imprisonment imposed was less than the term of imprisonment provided by the guideline range applicable to the defendant at the time of sentencing, a reduction comparably less than the amended guideline range

2

> determined under subdivision (1) of this subsection may be appropriate. However, if the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate.
>
> (C) Prohibition.--In no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served.

U.S.S.G. § 1B1.10 (b)(2). In addition to these limits, the Sentencing Commission states that a court must consider the § 3553 factors and the danger to the public created by any reduction in defendant's sentence, and a court may consider defendant's post-sentencing conduct. *Id.* at cmt. n.1(B).

**II.   Analysis**

In his motion, defendant argues that a recalculation pursuant to Amendment 706 lowers his adjusted offense level. On March 5, 2002, Defendant pled guilty to and was convicted of distribution of five (5) grams or more of cocaine base ("crack cocaine"), in violation of 21 U.S.C. § 841(a) and punishable pursuant to 21 U.S.C. § 841(b)(1)(B). At the time of sentencing, the Court held the defendant accountable for 58.1 grams of crack cocaine.

At defendant's original sentencing, defendant's base offense level was 32. Pursuant to U.S.S.G. § 3E1.1(a), the offense level was reduced by two. Pursuant to U.S.S.G. § 3E1.1(b), the offense level was reduced by one. These reductions resulted in a total offense level of 29. Based on a total offense level of 29 and a criminal history category of III, the restricted guideline range, based upon the 10-year mandatory minimum, was 120 to 135 months (108 to 135 months prior to application of the mandatory minimum). The Court imposed a sentence in the middle of the guideline range at 128 months.

3

Case 3:01-cr-00174   Document 51   Filed 08/19/08   Page 3 of 7   PageID #: 74

Under the retroactive amendment to the crack guidelines, the defendant's new base offense level is 30, which is reduced by two pursuant to USSG § 3E1.1(a) and reduced by one pursuant to USSG § 3E1.1(b). These reductions result in a total offense level of 27. Based on a total offense level of 27 and a criminal history category of III, the restricted guideline range is 120 months (87 to 108 months prior to application of the mandatory minimum).

In its response, the Government contends that the retroactive amendment to the Sentencing Guidelines has no effect on the sentence selected in the defendant's case because it does not lower the guideline range, which is restricted by the statutory mandatory minimum 120-month sentence pursuant to U.S.S.G. § 5G1.1. Defendant's counsel responds that a sentence reduction is authorized in this case because the new restricted guideline range of 120 months is lower than the range of 120 to 135 months the defendant faced at the time of his sentencing. Defendant's counsel notes that the sentence of 128 months that the defendant received is no longer within the guideline range.

Title 18 U.S.C. § 3582(c)(2) provides for modification of a term of imprisonment in cases where a defendant was sentenced to a term of imprisonment "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." The Sentencing Guidelines have clarified that "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with this policy statement if . . . (ii) an amendment listed in subsection (c) is applicable to the defendant but the amendment does not have the effect of lowering the

4

defendant's applicable guideline range because of the operation of another guideline or statutory provision (*e.g.*, a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.10 cmt. n.1(A)(ii).

In the present case, there has been a subsequent lowering of the sentencing range to warrant application of 18 U.S.C. § 3582(e)(2). Despite the mandatory minimum restriction at the lower end of the defendant's original sentencing range, the upper end was still based on the applicable guideline range. *See* U.S.S.G. § 5G1.1(c)(2) ("In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence . . . is not less than any statutorily required minimum sentence."). Thus, the revised guideline range of 120 months has resulted in a lowering of the upper end of the defendant's original sentencing guideline range of 120 to 135 months.

Because the defendant's original sentence was in the middle of the original restricted guideline range, the present case is distinguishable from those where the defendant was sentenced to the mandatory minimum. *See United States v. Denton*, 73 F. App'x 142, 144 (6th Cir. 2003) (finding 18 U.S.C. § 3582(c)(2) inapplicable to a sentence that was the product of the statutory minimum and not the Sentencing Guidelines). Because the defendant was sentenced above the mandatory minimum, he was clearly sentenced based on an application of the Sentencing Guidelines *See United States v. Rickett*, No. 94-5377, 1995 WL 234665, at *3 (6th Cir. April 20, 1995) ("[T]o the extent that Rickett's sentence was based on an application of the sentencing guidelines, which clearly it was, a retroactive amendment to those guidelines becomes pertinent in this case."). Because 18 U.S.C. § 3582(c)(2) is

5

applicable to the present case, the defendant's revised restricted sentencing guideline range is 120 months.

In regard to the § 3553 factors, the Court considers the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide defendant with needed education and training, medical care, or other correctional treatment; the kinds of sentences available and the sentencing range; the need to avoid unwarranted disparities; and the need to provide restitution to any victims. 18 U.S.C. § 3553(a). Amendment 706 itself addresses some of these factors, particularly the need to avoid unwarranted sentencing disparities between offenses for cocaine bases and cocaine powder. The Court considered the § 3553 factors previously at defendant's sentencing and ultimately determined that a sentence in the middle of the guideline range was appropriate.

Turning to defendant's post-sentencing conduct, according to information provided by the Bureau of Prisons, the defendant has had no incident reports while incarcerated. The Court also notes that defendant is currently enrolled in GED classes and is progressing satisfactorily. Since being in custody, defendant has worked in the areas of Unicor, landscape, and the admissions and orientations sections. The Court also considers the danger to the public as the result of any reduction in defendant's sentence. The Court notes that the defendant has one prior conviction relating to violence, is listed as a Criminal History

Category III offender, and has had other arrests for assaultive behavior. However, Defendant has had no incident reports since being in custody and the United States Probation Office has not located any information that would indicate that defendant is a risk of danger to any person or the community.

The Court has considered the § 3553 factors, taking into account defendant's post-sentencing conduct, and the danger to the public created by any reduction in defendant's sentence, and finds that a reduction in defendant's sentence is appropriate. The Court is particularly influenced by the need to avoid unwarranted sentence disparities, the problem Amendment 706 is designed to address. Accordingly, the Court will modify defendant's sentence to 120 months, within the revised restricted guideline range and the mandatory minimum by statute.

**III.    Conclusion**

Accordingly, defendant's Motion for Modification of an Imposed Term of Imprisonment Pursuant to 18 U.S.C. § 3582(c)(2) [Doc. 42] is hereby **GRANTED,** and defendant's sentence is reduced to 120 months or time served, whichever is greater.

IT IS SO ORDERED.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE